IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. EUNG KWON KIM, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DP CAPITAL LLC, *et al*. )<br>)<br>Defendants. ) | Case No. 1:23-cv-1101-TJK |

**ANSWER, AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS**

Come now DP Capital LLC ("DPCL"), WCP Fund I LLC ("WCP") and WCP 4910 Georgia Ave NW LLC ("WCP 4910") (collectively, the "WCP Parties" and each individually a "WCP Party"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 8, and furnish this answer, these affirmative defenses, and this reservation of rights, to the amended complaint (the "Complaint," as found at DE #36) of Kim Georgia Ave, LLC ("KGAL") and Eung Kwon Kim ("Dr. Kim") (collectively, the "Plaintiffs"):

1. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the WCP Parties generally deny the allegations of the Complaint except as expressly set forth herein.

2. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the WCP Parties admit the allegations of paragraphs 8, 13, 15, 17, 22, 24-25, 33, 46, 51, 75, 82 (but not the footnote thereto), 83-85, 88-92, and 96 of the Complaint.

3. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the WCP Parties note the allegations of paragraphs 6, 12, 117, 122, 130, 136, and 153 of the Complaint do not call for an admission or denial.

1

4. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the WCP Parties indicate that they are without information sufficient to admit or deny the allegations of paragraphs 1-2, 9-11, 18, 35-38, 40-45, 47-50, 52-57, 61, 63-65, 69, 87, 97-116, 119-121, 123-129, 131-135, and 157-164 of the Complaint but, to the extent necessary, deny the same pursuant to paragraph 1 hereof.

5. Count VII of the Complaint (being paragraphs 142 through 152) has been dismissed, DE #44, and thusly does not require an answer.

**Affirmative Defenses**

6. As and for their first affirmative defense, the WCP Parties assert the Complaint fails to state a claim for which relief may be granted.

7. As and for their second affirmative defense, the WCP Parties assert recovery from the WCP Parties is barred by the economic loss rule.

8. As and for their third affirmative defense, the WCP Parties assert this Honorable Court to be without diversity jurisdiction (though the WCP Parties do believe federal jurisdiction may nonetheless exist pursuant to Section 1334 of Title 28 of the United States Code).

9. As and for their fourth affirmative defense, the WCP Parties assert recovery against the WCP Parties is barred by the doctrine of estoppel.

10. As and for their fifth affirmative defense, the WCP Parties assert the Plaintiffs have failed to join Wendell Webster, the Chapter 7 trustee of the bankruptcy estate of Charles Paret, who is an indispensable party hereto.

**Reservation of Rights**

11. The WCP Parties would file a crossclaim against Mr. Paret if such were not prohibited by the automatic stay set forth in Section 362 of Title 11 of the United States Code;

should there come a time when relief from said stay is afforded, or the stay ceases to be effective, the WCP Parties reserve their right to file such a claim.

12. The WCP Parties observe that the alleged partnership between Mr. Huertas and Mr. Paret is the subject of an adversary proceeding being administered in accord with Mr. Paret's bankruptcy, being a core proceeding under Section 157 of Title 28 of the United States Code, and that adjudication of such has been properly referred to the United States Bankruptcy Court for the District of Columbia pursuant to DCt.LBR 5011-1. The WCP Parties do not presently take a position as to whether this proceeding should also be referred to the bankruptcy court, but expressly reserve their right to advocate for such in the future.

13. Other affirmative defenses may be learned through the discovery process and the WCP Parties reserve their right to seek to amend this answer, and/or to file a counterclaim or other appropriate pleading, in accord with the allowances of governing law and the orders of this Honorable Court.

WHEREFORE, the WCP Parties respectfully pray this Honorable Court (i) enter judgment in favor of the WCP Parties; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                                    Respectfully submitted,

Dated: October 15, 2024                    By: /s/ Maurice B. VerStandig
                                                  Maurice B. VerStandig, Esq.
                                                  Bar No. MD18071
                                                  The VerStandig Law Firm, LLC
                                                  1452 W. Horizon Ridge Pkwy, #665
                                                  Henderson, Nevada 89012
                                                  Phone: (301) 444-4600
                                                  Facsimile: (301) 444-4600
                                                  mac@mbvesq.com
                                                  *Counsel for DP Capital LLC, WCP Fund I LLC, and WCP 4910 Georgia Ave NW LLC*

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 15th day of October, 2024, a copy of the foregoing was served via this Honorable Court's CM/ECF system, upon:

Federico Jose Zablah-Siman, Esq.
CHAP PETERSEN AND ASSOCIATES, PLC
3970 Chain Bridge Road
Fairfax, VA 22030
Email: fjz@petersenfirm.com
*Counsel for the Plaintiffs*

J. Chapman Petersen, Esq.
CHAP PETERSEN & ASSOCIATES, PLC
3970 Chain Bridge Road
Fairfax, VA 22030
Email: jcp@petersenfirm.com
*Counsel for the Plaintiffs*

                                                          /s/ Maurice B. VerStandig
                                                          Maurice B. VerStandig