IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. EUNG KWON KIM, *et al.* ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No. 1:23-cv-1101-TJK |
| ) | |
| v. ) | |
| ) | |
| DP CAPITAL LLC, *et al*. ) | |
| ) | |
|     Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO DISMISS**

Come now DP Capital LLC ("DPCL"), WCP Fund I LLC ("WCP") and WCP 4910 Georgia Ave NW LLC ("WCP 4910") (collectively, the "WCP Parties" and each individually a "WCP Party"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and move for summary judgment on the claims of Kim Georgia Ave, LLC ("KGAL") and Dr. Eung Wong Kim ("Dr. Kim") (collectively, the "Plaintiffs"), and in support thereof state as follows:

    **I.**    **Introduction**

This is a relatively simple motion: the Plaintiffs are each citizens of the State of Maryland. WCP is, too, a citizen of the State of Maryland. No claims in this case sound in federal law. As such, with the parties lacking diversity, and with no federal question being afoot, this Honorable Court is without subject matter jurisdiction to entertain this case.

    **II.**    **LCvR 7(h) Statement of Facts**

    1.    Dr. Kim is a natural person who "is an individual residing in North Potomac, Maryland. . ." First Amended Complaint, DE #36, at ¶ 1.

    2.    WCP is a limited liability company. *Id.* at ¶ 4.

3. SF NU, LLC ("SNL") is a member of WCP and has been at all times since April 19, 2023. *See* Declaration of Christina Araujo, attached hereto as Exhibit A, at ¶ 4.

4. The Jason Shrensky Revocable Trust (the "Shrensky Trust") is a member of SNL and has been at all times since April 19, 2023. *See* Declaration of Jason Shrensky, attached hereto as Exhibit B, at ¶ 3.

5. Jason Shrensky ("Mr. Shrensky") is both the trustee and a beneficiary of the Shrensky Trust. *See* Declaration of Jason Shrensky, attached hereto as Exhibit B, at ¶ 2.

6. Mr. Shrensky is a citizen of the State of Maryland by virtue of his ongoing domicile therein and has been at all times since April 19, 2023. *Id.* at ¶¶ 4-5.

### III. Argument: This Honorable Court Lacks Subject Matter Jurisdiction

The sole basis for jurisdiction in this case is diversity jurisdiction. *See* First Amended Complaint, DE #36, at ¶ 14. Yet the parties are not now—and at no time relevant have been—diverse in nature. Both the Plaintiffs and WCP are legally deemed citizens of the State of Maryland. And there is accordingly an absence of subject matter jurisdiction *sub judice*.

Axiomatically, "[d]iversity jurisdiction requires that the dispute be 'between . . . citizens of different States.'" *Presidential Bank, FSB v. 1733 27th St. SE LLC*, 271 F. Supp. 3d 163, 166 n.3 (D.D.C. 2017) (quoting *Simon v. Mitchell*, 199 F. Supp. 3d 244, 246 n.5 (D.D.C. 2016) (quoting 28 U.S.C. § 1332(a)(1))). *See also Badgerow v. Walters*, 596 U.S. 1, 24 (2022) (". . . diversity jurisdiction requires not only that the relevant parties be from different States. . .") (Breyer, J., dissenting). Indeed, "[f]or jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Fay v. Perles*, 484 F. Supp. 2d 6, 9 (D.D.C. 2007) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

Where, as here, a party to a lawsuit is a limited liability company, that party takes the citizenship of each of its members and the citizenship of each of its members' members. *See, e.g.*, *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017) ("For the purposes of diversity jurisdiction, '[u]nincorporated associations, including LLCs, have the citizenship of each of their members.' The citizenship of the members of an LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on.") (quoting *CostCommand, LLC v. WH Adm'rs., Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) (citing *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016)); citing *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Bayerische Landesbank v. Aladdin Capital Management, LLC*, 692 F.3d 42, 49 (2d Cir. 2012)).

A trust, in turn, takes the citizenship of its trustee. *See, e.g.*, *Yueh-Lan Wang v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016) ("We think Winston's reading of *Americold*—that is, the citizenship of a traditional trust depends only on the trustees' citizenship—is the better one.") (citing *ConAgra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175 (10th Cir. 2015)); *LaRoach v. Bridgepoint Healthcare, LLC*, 2018 U.S. Dist. LEXIS 206541, at *7 (D.D.C. Dec. 7, 2018) (". . . the citizenship of a traditional trust is coextensive with the citizenship of the trustees.") (citing *Yueh-Lan Wang*, 843 F.3d at 494)

Here, the Plaintiffs both acknowledge themselves to be citizens of the State of Maryland. And WCP is, too, a citizen of the State of Maryland by virtue of having SNL as a member which, in turn, is deemed a citizen of Maryland by virtue of Mr. Shrensky serving as the trustee of the Shrensky Trust.

There is, accordingly, an absence of complete diversity amongst the parties to this litigation. Since no other theory of federal jurisdiction has been asserted by the Plaintiffs, and since the pleadings herein are devoid of a federal question, it is respectfully urged this Honorable Court lacks subject matter jurisdiction.[1]

### IV.     Conclusion

WHEREFORE, the WCP Parties respectfully pray this Honorable Court (i) enter summary judgment in their favor, and against the Plaintiffs; and (ii) afford such other and further relief as may be just and proper.

                                                                    Respectfully submitted,

Dated: May 12, 2025                              By: /s/ Maurice B. VerStandig
                                                                    Maurice B. VerStandig, Esq.
                                                                    Bar No. MD18071
                                                                    The VerStandig Law Firm, LLC
                                                                    1452 W. Horizon Ridge Pkwy, #665
                                                                    Henderson, Nevada 89012
                                                                    Phone: (301) 444-4600
                                                                    Facsimile: (301) 444-4600
                                                                    mac@mbvesq.com
                                                                    *Counsel for DP Capital LLC, WCP Fund I LLC, and WCP 4910 Georgia Ave NW LLC*

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of May, 2025, a copy of the foregoing was served via this Honorable Court's CM/ECF system.

                                                                    /s/ Maurice B. VerStandig
                                                                    Maurice B. VerStandig

---

[1] This motion is styled as one alternatively seeking summary judgment or dismissal. While the timing of this filing coincides with a phase of this litigation well past the time for bringing traditional motions to dismiss, this motion is accordingly one in which the alternative remedy of summary judgment is sought. However, the WCP Parties also note that dismissal for want of subject matter jurisdiction may be sought at any time. *See* Fed. R. Civ. P. 12(h)(3); *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011).