IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. EUNG KWON KIM, et al.<br>　　Plaintiffs,<br><br>v.<br><br>DP COPITAL LLC, et al.<br>　　Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:23-cv-1101-TJK<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO DISMISS**

COME NOW Plaintiffs Dr. Eung Kim and Kim Georgia Ave, LLC ("Plaintiffs") respectfully submit this Opposition to the Motion for Summary Judgment or, in the Alternative, to Dismiss ("the Motion") filed by Defendants DP Capital, LLC ("DP Capital"), WCP Fund I LLC ("WCP Fund I"), and WCP 4910 Georgia Ave NW LLC ("WCP 4910") (collectively, the "WCP Parties"). For the reasons set forth below, the Motion should be denied in its entirety, and Plaintiffs respectfully request that the Court award attorney's fees under 28 U.S.C. § 1927 for Defendants' unreasonable delay in raising the jurisdictional argument.

**BACKGROUND**

This Motion comes more than two years after Plaintiffs initiated litigation on April 20, 2023. *See* Exhibit A. Discovery has been conducted, depositions are ongoing, and dispositive motions are expected.  During that time, the WCP Parties have (i) filed a 12(b)(6) Motion to Dismiss with multiple briefs that was denied by a 21-page opinion, (ii) filed a Motion to Stay the Litigation (based on a bankruptcy) that was denied by a 9-page opinion, (iii) participated in

1

multiple scheduling conferences with the Court, (iv) served written discovery on the Plaintiff, and (v) engaged in multiple depositions. Now, twenty-six (26) months after the case was initiated, with discovery nearly over and trial a few months away, the WCP Parties move to dismiss the case for lack of subject matter jurisdiction -- based upon jurisdictional facts relating to "WCP Fund I" to which it solely had knowledge and failed to proffer at any prior juncture. Notably, in its answer filed October 15, 2024, the WCP Parties contested the diversity jurisdiction of the Court but failed to bring any facts forth to support the allegation (nor did they file a 12(b)(1) Motion.).

Even assuming *arguendo* that WCP Fund I has Maryland citizenship, DP Capital—an independently named Defendant—has not demonstrated that it shares such citizenship. Moreover, Defendants have waived their right to bring this belated motion, and their unreasonable delay constitutes bad faith and vexatious litigation under 28 U.S.C. § 1927.

## **LEGAL STANDARD**

A motion for summary judgment is governed by Fed. R. Civ. P. 56, which requires the moving party to show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Summary judgment is inappropriate where there is a dispute over facts that could affect the outcome of the case. *See Railey v. Ebbert*, 407 F. Supp. 3d 510 (M.D. Pa. 2019). Even where the moving party frames the issue as jurisdictional, the Court must consider the procedural context and the record as a whole.

A motion to dismiss for lack of subject matter jurisdiction is brought under Rule 12(b)(1), and Rule 12(h)(3) allows such challenges to be raised "at any time." However, courts have consistently held that the ability to raise jurisdictional objections does not immunize parties from the consequences of doing so unreasonably late. *See Thomas Am. Corp. v. Fitzgerald*, 175 F.R.D. 462 (S.D.N.Y. 1997) (sanctions appropriate where a jurisdictional motion was brought in bad faith

on the eve of trial). Courts may impose sanctions when jurisdictional challenges are used strategically to delay litigation rather than raised in good faith.

## ARGUMENT

### A. WCP Fund I, LLC has not proven Maryland Citizenship

In presenting their motion to dismiss for lack of diversity jurisdiction, WCP Fund I, LLC relies on two declarations. It does not produce corporate records reflecting ownership or any other documents that would otherwise show Maryland Citizenship (such as trust documents, a driver's license). Therefore, WCP Fund I has failed to adequately show that it possesses Maryland Citizenship, especially at this late stage in the proceedings.

### B. DP Capital Has Not Proven It Shares Maryland Citizenship

Defendants argue that diversity jurisdiction is lacking because WCP Fund I has a member domiciled in Maryland—allegedly defeating complete diversity under 28 U.S.C. § 1332. While Plaintiffs do not concede that point, even assuming it to be true, this would affect only WCP Fund I, not the other named defendants, DP Capital and WCP 4910 Georgia Ave NW, as no mutually of citizenship or ownership has been shown.

Federal courts require complete diversity between all plaintiffs and all defendants, meaning no plaintiff can be a citizen of the same state as any defendant. See *Barrows v. Robson*, 993 F. Supp. 17, 20 (D.D.C. 1997); *Rivero-Parra v. Lindsay Corp.*, 397 F. Supp. 3d 206, 208 (D.D.C. 2019). But the remedy for a jurisdictional defect is not always dismissal of the entire case. Rule 21 of the Federal Rules of Civil Procedure permits the court to "drop a party" or "sever any claim" at any stage of the action to cure misjoinder or preserve jurisdiction.

In *C.L. Ritter Lumber Co. v. Consolidation Coal Co.,* 283 F.3d 226 (4th Cir. 2002), the Fourth Circuit upheld the district court's discretion to sever non-diverse parties after trial, rather

than dismissing the case outright. The court emphasized that when the non-diverse parties were not asserting claims against each other and the claims could be adjudicated separately, severance was a proper remedy. Id. at 229–31.

Similarly here, if the Court were to find that WCP Fund I is non-diverse, it could sever that entity under Rule 21, rather than dismissing the entire case.

Accordingly, *assuming all facts proffered by the WCP Parties are true*, the Motion to Dismiss should still be denied as to DP Capital and WCP 4910 Georgia Ave NW – which are not affected parties. At most, the Court may consider the severance of WCP Fund I under Rule 21—but only if it determines that complete diversity is lacking and that WCP Fund I is not an "indispensable party" under Rule 19(b). In any case, the entire case cannot be dismissed, as the causes of action against the WCP Parties do not arise from the same set of facts as the causes of action against Defendant District Title.

**C.  The Motion Is Untimely and Prejudicial**

Defendants' motion—filed more than two years after the original Complaint was filed—comes at a critical point in the litigation, with depositions partially completed and written discovery already exchanged. Plaintiffs filed this action on April 20, 2023. Since then, Defendants have answered the Complaint, participated in discovery, and allowed the case to advance on the merits without ever raising a substantiated jurisdictional objection.

Now, for the first time, they assert that this Court lacks diversity jurisdiction because a member of defendant WCP Fund I, LLC, is domiciled in Maryland. *See* Declaration of Christina Araujo, Ex. A to Defs.' Mot. for Summ. J; see also Declaration of Jason Shrensky, Ex. B to Defs.' Mot. for Summ. J.  This fact has ostensibly been known to the WCP Parties since the beginning of the litigation.

This fits a pattern, as the WCP Parties have previously filed a motion to delay or hinder the proceedings after a delay of months, despite being acutely aware of the facts supporting the motion. *See* Suggest of Bankruptcy and Imposition of Automation Stay, ECF No. 51. These sorts of motions are designed to prevent the Plaintiff from even having his "day in Court," whether it's in this Court or D.C. Superior Court.

This kind of strategic gamesmanship is precisely what courts disfavor. In *Thomas Am. Corp. v. Fitzgerald,* 175 F.R.D. 462, 465 (S.D.N.Y. 1997), the Federal court imposed sanctions on counsel for filing a frivolous motion to dismiss for lack of subject matter jurisdiction on the eve of trial, finding that the motion was made solely for purposes of delay. *See also Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 70 (S.D.N.Y. 1991) (finding a motion made in bad faith where jurisdiction was challenged at the last minute). Defendants' eleventh-hour assertion appears to be a tactical maneuver—not a good-faith challenge to subject matter jurisdiction—and imposes avoidable costs and uncertainty at a pivotal stage of the case.

### D. The Delay Warrants Sanctions and Attorney's Fees

Defendants' delay in raising their jurisdictional challenge is not merely prejudicial—it is sanctionable under 28 U.S.C. § 1927, which provides:

> "Any attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

This statute is designed to deter tactical abuses that impose unnecessary costs on the opposing party. To warrant sanctions, the conduct must be without color and taken in bad faith. *See United States v. Prevezon Holdings Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018). That standard is met here: Defendants were aware of the jurisdictional issue from the advent of the case,

5

yet waited nearly two years to raise the issue, during which time Plaintiffs proceeded in good faith with discovery, depositions, and case development.

Moreover, courts have emphasized that § 1927 is not a blunt instrument but is tailored to address only those excess costs directly resulting from bad-faith conduct—not ordinary litigation expenses. *See Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 70 (S.D.N.Y. 1991) ("A party who incurs expense by virtue of an attorney's bad-faith multiplication of proceedings may be reimbursed only for the excess costs incurred as a result of the violation, not for ordinary costs of litigation."). Here, Plaintiffs have incurred additional legal fees and burdens solely due to Defendants' dilatory tactics, which appear calculated to destabilize the case as it approaches dispositive motion deadlines. If the WCP Entities would have timely raised their motions, the Plaintiffs could have avoided significant expenses in responding to two motions to dismiss, conducting discovery of the WCP Entities, responding to their Suggestion of Bankruptcy, and responding to this Motion.

Accordingly, Plaintiffs respectfully request that the Court award attorney's fees and costs reasonably incurred in responding to this Motion and impose sanctions on the WCP Entities for unreasonably and vexatiously delaying the proceedings and imposing motions after an unreasonable delay .

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Deny the Motion for Summary Judgment and the Motion to Dismiss in its entirety;
2. Award Plaintiffs reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1927 or in the form of sanctions as allowed by Fed. R. Civ. P. 11 .
3. Grant any further relief the Court deems just and appropriate.

Dated: June 9, 2025                                                       Respectfully submitted,

                                                  DR. EUNG KWON KIM

                                                  KIM GEORGIA AVE, LLC.,

                                                  By Counsel

By: <u>*/s/ J. Chapman Petersen*</u>
J. Chapman Petersen, Esq., Bar ID# 0448740
Federico J. Zablah-Siman, Bar ID#VA166
CHAP PETERSEN & ASSOCIATES, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
(571) 459-2512 – Telephone
(571) 459-2307 – Facsimile
jcp@petersenfirm.com
fjz@petersenfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2025, a copy of the foregoing was served via ECF on all counsel of record as folows:

Maurice B. VerStandig, Esq.
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
mac@mbvesq.com
*Counsel for DP Capital LLC, WCP Fund I LLC, and WCP 4910 Georgia Ave NW LLC*

Justin M. Flint, Esq.
ECCLESTON & WOLF, P.C.
1629 K Street, NW, Davis Building, Suite 260
Washington, DC 20006
flint@ewdc.com
*Counsel for Defendant District Title*


_____/s/ Federico J. Zablah-Siman_____
Federico J. Zablah-Siman