UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. EUNG KWON KIM, et al.,**<br><br>    PLAINTIFF<br><br>v.<br><br>**DP CAPITAL LLC,** *et al.***,**<br><br>    DEFENDANTS. | Case No. 1:23-CV-01101-TJK |

**DEFENDANT DISTRICT TITLE'S AMENDED CROSSCLAIM AGAINST DEFENDANTS CHARLES P. PARET, WCP 4910 GEORGIA AVE NW LLC, 4910 GEORGIA AVE HOLDINGS LLC, AND COLOMA RIVER HOLDINGS LLC**

Defendant District Title (hereafter "District Title") by and through its counsel, Justin M. Flint, and Eccleston & Wolf, P.C., pursuant to Fed. R. Civ. P. 13(g), hereby files this Amended Crossclaim against Defendants Charles P. Paret ("Paret"), WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and Coloma River Holdings LLC in the above-referenced matter, and in support thereof respectfully states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. This Court has personal jurisdiction pursuant to D.C. Code § 13-423 because, upon information and belief, Defendants Charles P. Paret ("Paret"), WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and Coloma River Holdings LLC transacted business regarding the property at issue in Washington, D.C.

4.      According to Plaintiffs, "[t]his Court possesses personal jurisdiction over all the parties, as each party individually has agreed to submit to the jurisdiction of the court in all matters related to the recovery under the promissory note." Am. Compl. ¶ 16.

## PARTIES

5.      District Title is a District of Columbia corporation that provides settlement services with a principal place of business at 1775 Eye Street, NW, Suite #560, Washington, D.C. 20006.

6.      Paret is an individual that resides at 1120 Congress St, NE, Berryville, VA 22611. He is a principal in 4910 Georgia Ave Holdings LLC. *See* Am. Compl. ¶ 11.

7.      Defendant DP Capital LLC ("DP Capital"), also known as "Washington Capital Partners," has a principal place of business at 8401 Greensboro Drive, Suite 960, McLean, VA 22102. Based on information available to the Plaintiffs, Daniel Huertas, a resident of Virginia, is the only member. *See* Am. Compl. ¶ 3.

8.      Defendant WCP Fund I, LLC ("WCP Fund I"), is a Delaware limited liability company that engages in a lending business in the District of Columbia and is a related company to Washington Capital Partners, with a principal place of business at 2815 Hartland Road, Suite 200, Falls Church, VA 22043. Upon information and belief, Daniel Huertas, a resident of Virginia, is the only member. *See* Am. Compl. ¶4.

9.      Defendant WCP 4910 Georgia Ave NW LLC ("WCP 4910 Georgia Ave") is a District of Columbia limited liability company used by WCP Funds I to develop real estate, namely the subject property in this matter. It has a principal place of business at 2815 Hartland Road, Suite 200, Falls Church, VA 22043. Upon information and belief, the sole member of this entity is Victoria Junkins, a resident of Virginia. *See* Am. Compl. ¶ 5.

10. Defendants DP Capital/Washington Capital Partners, WCP Fund I, WCP 4910 Georgia Ave, and other related companies under DP Capital will hereafter be collectively referred to as the "WCP Entities" or "WCP."

11. Daniel Huertas ("Huertas") is listed as the Chief Executive Officer of Washington Capital Partners on its website and controls all of the WCP Entities. *See* Am. Compl. ¶ 7.

12. Defendant 4910 Georgia Ave Holdings LLC ("4910 Georgia Ave Holdings" of the "Developer") is a District of Columbia corporation with a principal place of business at 1629 K St., NW, Suite 300, Washington, D.C. 20006. According to Plaintiffs, "it is the original developer of the project at 4910 Georgia Avenue, N.W., Washington, D.C., and sold condominium units to Dr. Kim in July 2020." Am. Compl. ¶ 9. Upon information and belief, Defendant Paret, a resident of Virginia, and Mel Melaku Negussie, a resident of Washington, D.C. are members of this LLC. *See* Am. Compl. ¶ 9.

13. Defendant Coloma River Holdings LLC ("Coloma River") is a capital investment firm with a principal place of business at 1120 Congress St, NE, Washington, D.C. 20002, which holds an investment in the Developer. Upon information and belief, Defendant Paret is the sole member of this LLC. *See* Am. Compl. ¶ 10.

## FACTUAL ALLEGATIONS

14. Plaintiffs Dr. Eung Wong Kim ("Dr. Kim") and Kim Georgia Ave, LLC ("Kim Georgia Ave") (collectively, "Plaintiffs") filed an Amended Complaint on August 18, 2023, against Defendants DP Capital LLC, WCP Fund I, LLC, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, Coloma River Holdings LLC, Charles Paret, and District Title (collectively, "Defendants"), in the above-referenced matter.

3

15.     The subject property is located at 4910 Georgia Ave, NW, Washington, D.C. 20011, which is at Lot 18 in Square 2926 (the "Property"). Am. Compl. ¶ 17.

16.     According to Plaintiffs, "[s]ince 2018, the Property has been subject to development through a *de facto* partnership between Paret and [Daniel] Huertas" ("Huertas") in order to "develop the Property as a condominium project for residential use." Am. Compl. ¶¶ 19; 26.

17.     For example, Plaintiffs assert that "Paret controls Coloma River and shares control of 4910 Georgia Ave Holdings[,]" and "[a]t the relevant time of the sale to Plaintiffs…4910 Georgia Ave Holdings was the title record holder of the Property." Am. Compl. ¶¶ 21; 22.

18.     Plaintiffs further assert that "[i]n June 2020, 4910 Georgia Ave Holdings on behalf of the Partnership began seeking purchasers of condominium units to be located at the Property. At that point, the Property itself was not built out, so the units were being purchased for future construction." Am. Compl. ¶ 32.

19.     According to Plaintiffs, "[o]n or around July 18, 2020, Plaintiffs were virtually introduced to the Developers through an email about the opportunity to purchase some specified condominium units at the Property." Am. Compl. ¶ 35.

20.     Further, according to Plaintiffs, "[o]n or about July 29, 2020, Paret and [Mel Melaku] Negussie held a meeting for interested buyers—where they were first introduced to Dr. Kim through a relationship with Dr. Kim's son-in-law—and, at the meeting, offered Dr. Kim the 'opportunity' to buy three condo units at 'half price,' prior to construction commencing." Am. Compl. ¶ 39.

21.     Plaintiffs assert that "Paret, via 4910 Georgia Avenue Holdings, offered Plaintiffs three (3) units of property to be constructed at 4910 Georgia Avenue (collectively, the 'Condo

Units'), for the aggregate purchase price of $600,000, which was (again) represented as half the market value. At the time, Paret represented to Dr. Kim that he had 'forty-eight hours' to close the deal." Am. Compl. ¶ 40.

22. According to Plaintiffs, "[a]t that meeting, Dr. Kim was told that the funds paid to purchase the Condo Units would be protected by insurance and not released until certain construction benchmarks were met." Am. Compl. ¶ 41.

23. "In offering the Condo Units to Plaintiffs, Paret represented that (i) any loan affecting the title or status of the deed to the Property would be paid off before the day of closing with Dr. Kim on his condo purchases, and (ii) if there was any issue with the seller's representations, Plaintiffs would be entitled to both monetary damages as well as specific performance to receive the Condo Units." Am. Compl. ¶ 44.

24. Plaintiffs argue that they relied on these representations and, thus, "Dr. Kim obtained funding to purchase the Condo Units and provided said funds to Developers' designated title company, Defendant District Title, for purpose of purchasing the Condo Units." Am. Compl. ¶ 47.

25. On July 27, 2020, Paret emailed Steve Sushner and Karlen Blomquist of District Title, David Murnane, Hal Boles, Dominic Boles, Chapman Paret, Dr. Kim, and Joel R. Gonzales, the following:

> Karlen/Steve,
>
> We have our investors wiring money to be held in escrow tomorrow for the closing of 4910 Georgia Ave NW. Can you please assist them with this and explain this process?
>
> Escrow is held in their name and released upon the go-ahead from all parties to close.
>
> Finally glad this is coming together.

>   Talk soon.

*See* Exhibit 1.

26. In response to Paret's July 27, 2020, email, Steve Sushner at District Title stated the following:

>   The parties sending wires should call to verify the authenticity of the attached wiring instructions (dial extension 309# to confirm the instructions, once the automated attendant picks up), send the wire and then email Wires@DistrictTitle.com for [sic] to let them know that it was sent. Wired funds will automatically be applied toward the purchase once Charlie signs the settlement statement.

*See* Ex. 1.

27. Paret then responded to Steve Sushner, and stated the following:

>   Steve,
>
>   Funds received will need authorization of sending party prior to closing and be held in the name of the sender.
>
>   This is what I've relayed to all investors, but would be applied to settlement once I sign and all parties have approved.
>
>   Thanks.

*See* Ex. 1.

28. Steve Sushner responded with the following:

>   I spoke to Charlie and I will make an exception. I understand that I am received 2 wires. Please provide me an email with the wire and the conditions for me to apply it to this transaction by no later than 5pm Tuesday 7/28. If no conditions are received by that time I shall presume that the funds are capable of being applied to the transaction once Charlie signs.

*See* Ex. 1.

29. In response, Paret emailed Steve Sushner, David Murnane, Hal Boles, Dominic Boles, Dr. Kim, Chapman Paret, and Joel R. Gonzales the following:

>   One wire is from Eung Kim and the other is from Nasir Shah.

6

>> To All: We need to provide instructions for the release ie. "written authorization from Eung Kim to release the capital etc")
>
> Thank you Steve.

*See* Ex. 1.

30. Steve Sushner, from District Title, did not receive written instructions/conditions from Plaintiffs by 5pm on Tuesday, July 28, 2020.

31. Instead, on July 30, 2020, Dominic Boles emailed wires@districttitle.com, Dr. Kim, Paret, and David Murnane the following:

> On behalf of my father-in-law- Dr. Eung Kwon Kim, he has wired $500,000 into your escrow account for Charlie Paret's project on 4910 Georgia Ave NW.
>
> Dr. Kim will be wiring an additional $100,000 tomorrow to make a total of $600,000.
>
> These funds are not to be released into the deal until all parties have signed off on the contracts and approved by Dr. Kim tomorrow.
>
> Always available by phone if you need me.
>
> Dominic Boles

*See* Exhibit 2.

32. Plaintiffs assert that "[o]n July 31, 2020, the date of closing ("the Closing") for the sale of the Condos to Plaintiffs, Paret visited Dr. Kim at the latter's office in Maryland where he represented that he was acting on behalf of the seller 4910 Georgia Ave Holdings." Am. Compl. ¶ 48.

33. Plaintiffs further assert that "[a]t that time, Paret confirmed receipt of the funds in full from Plaintiffs." Am. Compl. ¶ 49.

34. According to Plaintiffs, Paret "further presented Dr. Kim with the sale agreement and indicated that he would immediately leave Dr. Kim's offcie [sic] to record the transfer of interest of the Condo Units to Plaintiffs in the public records." Am. Compl. ¶ 50.

35. Plaintiffs maintain that "[t]he sales agreement is titled, 'New Construction Pre-Sales Agreement' (the "Sales Agreement"), and provides that 4910 Georgia Ave Holdings, as the sellers, would transfer three units of the Property to Plaintiffs, as the buyer." Am. Compl. ¶ 51.

36. "At the Closing, Paret (who signed on behalf of 4910 Georgia Ave Holdings) and Plaintiffs (through Dr. Kim) signed the Sales Agreement, which stated the terms of the parties' agreement: to wit, the Plaintiffs purchased '4910 Georgia Ave, NW, Three Units.'" Am. Compl. ¶ 57.

37. District Title did not receive the Sales Agreement until the instant action was filed.

38. Plaintiffs argue that based on their "reliance on Defendants' representations, Plaintiffs proceeded with the Closing and had paid over the agreed funds, which were to be kept in escrow until the construction benchmarks had been met." Am. Compl. ¶ 56.

39. According to Plaintiffs, "[n]either Paret nor anyone else recorded Plaintiffs' interest in the Property" and that "Plaintiffs did not learn of this lack of recording for the Condo Units until after the foreclosure of the Property[.]" Am. Compl. ¶¶ 62; 63.

40. Plaintiffs argue that "Defendants retained Plaintiffs' $600,000 without recording the transfer of title of the Condo Units to Plaintiffs" and that this "unauthorized use of funds was part of a scheme to 'finance' the Property and put the Plaintiffs' interest at risk, without any notice or consent." Am. Compl. ¶¶ 67; 68.

41. Plaintiffs further argue that "[i]n furtherance of this scheme, the Developers, with District Title's involvement, took the following actions (or omissions):

      a. Did not record the Sales Agreement for the Condo Units;

      b. Disbursed Plaintiffs' funds held by District Title without Plaintiffs' knowledge and without fulfilling terms of the agreement;

      c. Placed the newly acquired $600,000 of Plaintiffs' funds and $600,000 of the Second Purchaser into a separate escrow account with District Title; and

      d. Utilized the newly acquired funds to cover the closing costs needed to obtain financing from WCP Fund I.

Am. Compl. ¶ 56.

42. Additionally, Plaintiffs assert that "[o]n August 5, 2020, Paret, Negussie, and Huertas, on behalf of their respective entities, with the assistance of Drazin, executed a HUD-1 showing the loan to 4910 Georgia Ave Holdings from WCP Fund I, which was prepared by District Title and executed for the $10.86M WCP Deed of Trust transaction (the "HUD-1")[.]" Am. Compl. ¶ 74.

43. It is Plaintiffs' contention that "the Kim Purchase (and the Second Purchase) was disguised on the HUD-1 to appear as if it was part of the larger WCP refinancing." Am. Compl. ¶ 77.

44. Plaintiffs thus claim that "[a]s a result, Plaintiffs have lost control of the funds they paid for the sale of the Condo Units and have been damaged by the loss of the value of the those funds and/or the loss of the value of the Condo Units." Am. Compl. ¶ 164.

45. Plaintiffs bring the following claims against Paret: Count I-Conversion; Count II-Fraud & Fraud in the Inducement; and Count VII-Violation of the D.C. Consumer Protection Act.

46. Finally, Plaintiff prays that this Court finds each of the Defendants jointly and severally liable for $1,800,000,000, plus interest and any incidental damages, including attorneys'

fees, punitive damages, and such further relief as justice requires. Am. Compl. at 18; 19; 21; 23; and 25.

## COUNT I: EQUITABLE INDEMNIFICATION
**(Against Defendants Charles P. Paret; WCP 4910 Georgia Ave NW LLC; 4910 Georgia Ave Holdings LLC; and Coloma River Holdings LLC)**

47. District Title adopts by reference and incorporates Paragraphs 1 through 46 as if fully set forth herein.

48. As set forth in its Answer to the Amended Complaint, District Title expressly denies any liability for the allegations asserted by Plaintiffs in their Amended Complaint.

49. In the event that Plaintiffs have sustained damages as alleged in the Amended Complaint and the damages were not caused or contributed by any negligent act, error, and/or omission by District Title, but by the alleged primary acts, errors, and/or or omissions of Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and/or Coloma River Holdings LLC which caused, promoted, or contributed to bring about the damage alleged in the Amended Complaint. But for said acts, errors, and/or omissions of Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and/or Coloma River Holdings LLC, Plaintiffs' damages, if any, would not have occurred or have been sustained.

50. District Title denies any liability to Plaintiffs, but if Plaintiffs recover a judgment against District Title, then Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and/or Coloma River Holdings LLC should indemnify District Title for the full amount that Plaintiffs recover from District Title related to the allegations in the Amended Complaint.

51. Consequently, District Title is entitled to equitable indemnity from Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and/or Coloma River Holdings

LLC from any and all claims by Plaintiffs that may derive from a judgment related to the allegations in the Amended Complaint.

## COUNT II: CONTRIBUTION
**(Against Defendants Charles P. Paret; WCP 4910 Georgia Ave NW LLC; 4910 Georgia Ave Holdings LLC; and Coloma River Holdings LLC)**

52. District Title adopts by reference and incorporates Paragraphs 1 through 51 as if fully set forth herein.

53. District Title expressly denies any liability for the allegations set forth in Plaintiffs' Amended Complaint.

54. In the event Plaintiffs prevail against District Title, Plaintiffs seek to recover damages from District Title for Breach of Fiduciary Duty and Negligence.[1]

55. Should it be determined that District Title is liable to Plaintiff for some or all of the damages alleged in their Amended Complaint, then Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and/or Coloma River Holdings LLC are liable to District Title.

56. If the Court determines that Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, Coloma River Holdings LLC, and/or District Title jointly caused the damages incurred by Plaintiffs, then District Title is entitled to an award of contribution.

57. If Plaintiffs sustained damages as alleged in their Amended Complaint, the fraudulent and/or negligent acts, errors, and/or omissions of Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and/or Coloma River Holdings LLC contributed to Plaintiffs' damages.

---

[1] On September 20, 2024, Judge Timothy J. Kelly's Order dismissed Plaintiff's District of Columbia Consumer Protection Procedures Act claim against District Title.

WHEREFORE, for all of the reasons stated above, District Title prays for the following:

1. That this Court enters judgment against Defendants Charles P. Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and Coloma River Holdings LLC, for a *pro rata* share of Plaintiffs' alleged losses, if any, plus interest, costs, reasonable attorneys' fees, and any further relief this Court deems appropriate; or

2. This Court grants an award of equitable indemnification against Defendants Charles P. Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and Coloma River Holdings LLC, plus interest, costs, reasonable attorneys' fees, and any further relief this Court deems appropriate.

Respectfully submitted,

ECCLESTON & WOLF, P.C.

/s/ *Justin Flint*
Justin M. Flint (#491782)
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
(202) 857-1696 (Tel)
(202) 857-0762 (Fax)
flint@ewdc.com
*Counsel for Defendant*
*District Title*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2025, a copy of the foregoing Defendant District Title's Crossclaim against Defendants Charles P. Paret, WCP 4910 Georgia Ave NW LLC, 4910 Georgia Ave Holdings LLC, and Coloma River Holdings LLC was served electronically via CM/ECF, to all counsel of record.


                                                            /s/ *Justin M. Flint*
                                                          Justin M. Flint (#491782)