**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EUNG KWON KIM et al., *Plaintiffs*, v. DP CAPITAL LLC et al., *Defendants*. | Civil Action No. 23-1101 (TJK) |

**MEMORANDUM ORDER**

In this case about a real estate deal allegedly gone wrong, three Defendants named in the Amended Complaint—DP Capital LLC, WCP Fund I LLC, and WCP 4910 Georgia Ave NW LLC ("Movants")—seek dismissal for lack of subject-matter jurisdiction. *See* ECF No. 66 at 1; ECF No. 36 at 1.[1] For the reasons explained below, to preserve the Court's jurisdiction, the Court will grant their motion insofar as it requests dismissal of WCP Fund I LLC, a dispensable party.

A federal court must have subject-matter jurisdiction, "the power to decide the claim before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Here, Plaintiffs, who are citizens of Maryland, assert jurisdiction based on diversity of citizenship. *See* ECF No. 36 ¶ 1 –2, 14. But for "diversity jurisdiction to exist, no plaintiff may share state citizenship with any defendant." *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d

[1] Movants style their motion as one for summary judgment or, in the alternative, dismissal. But as they describe it, "[t]his is a relatively simple motion" focused on solely on the argument that "the parties [are] lacking diversity." ECF No. 66 at 1; *see id.* at 4 n.1. They offer no basis to for the Court to grant them summary judgment. So the Court construes the motion as one to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). *See id.* at 4 n.1.

19, 21 (D.C. Cir. 2016). The party asserting diversity jurisdiction "bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Doing so can be complex when a party is a limited liability company, or LLC. For the purposes of diversity jurisdiction, LLCs "have the citizenship of each of their members." *CostCommand, LLC*, 820 F.3d at 21. And "the citizenship of the members of an LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on." *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017), *aff'd*, 727 F. App'x 704 (D.C. Cir. 2018) (cleaned up).

Movants argue that WCP Fund I LLC is not diverse from Plaintiffs. *See* ECF No. 66 at 3. Their argument is based on six factual predicates: (1) Plaintiffs are citizens of Maryland; (2) WCP Fund I LLC is an LLC; (3) SF NU, LLC ("SNL") is a member of WCP Fund I LLC; (4) the Jason Shrensky Revocable Trust ("Shrensky Trust") is a member of SNL; (5) Jason Shrensky "is both the trustee and a beneficiary of the Shrensky Trust"; and (6) Shrensky is a citizen of Maryland. *Id.* at 1–2; *see* ECF Nos. 66-1, 66-2.

As Movants say, "the citizenship of a traditional trust depends only on the trustees' citizenship." *Wang ex rel. Wong v. New Might U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016); *see* ECF No. 66 at 3. So the argument goes like this: Because Shrensky is a citizen of Maryland, the Shrensky Trust is also a citizen of Maryland. *See Wang*, 843 F.3d at 494. And because the Shrensky Trust is a member of SNL, SNL is also citizen of Maryland. *CostCommand, LLC*, 820 F.3d at 21. And because SNL is one of WCP Fund I LLC's members, WCP Fund I LLC is also a citizen of Maryland. Thus, WCP Fund I LLC is not diverse from Plaintiffs, who are also citizens of Maryland. *See id.*

In response, Plaintiffs argue that Movants impermissibly rely on declarations instead of "corporate records reflecting ownership or any other documents that would otherwise show Maryland Citizenship." ECF No. 68 at 3. But this gets things backward. It is Plaintiffs who "bear[] the burden of pleading the citizenship of each and every party to the action." *Novak*, 452 F.3d at 906; *see* ECF No. 68 at 3. True, in their Amended Complaint, Plaintiffs allege that "the only member" of WCP Fund I LLC is a "resident of Virginia." ECF No. 36 ¶ 4. But LLCs can be citizens of many states. Indeed, "citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The "member" Plaintiffs identify may well be one part of that factor tree for WCP Fund I LLC. But Movants present unrefuted evidence that WCP Fund I LLC's tree has several more branches—and that as a result, WCP Fund I LLC is also a citizen of Maryland. Plaintiffs do not carry their burden to show otherwise in the three citation-less sentences in their opposition that respond to Movants' argument about WCP Fund I LLC. *See* ECF No. 68 at 3. Plaintiffs also argue that the motion is "[u]ntimely." ECF No. 68 at 4. But "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

For these reasons, Plaintiffs do not carry their burden of showing complete diversity, as is required to invoke diversity jurisdiction.

Still, "a district court may cure a jurisdictional defect by dismissing a dispensable, nondiverse party pursuant to Rule 21." *Saadeh v. Farouki*, 107 F.3d 52, 57 (D.C. Cir. 1997). Plaintiffs suggest this option, and Movants do not object. *See* ECF Nos. 68 at 4, 69 at 9. For that reason, and because WCP Fund I LLC's absence neither impedes the Court's ability to "accord complete

relief among existing parties" nor "leave[s] an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations," the Court determines that WCP Fund I LLC is "dispensable" and so it will dismiss it. Fed. R. Civ. P. 19(a)(1); *see* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1685 (3d ed.).

* * *

In their opposition, Plaintiffs ask the Court to sanction Movants or award attorney's fees, but these requests are non-starters. *See* ECF No. 68 at 5–6. Plaintiffs seek "reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1927 or in the form of sanctions as allowed by Fed. R. Civ. P. 11." ECF No. 68 at 6. But Plaintiffs—who seek Rule 11 sanctions at the end of their opposition devoted to merits issues—have not complied with Rule 11, which provides that a Rule 11 motion "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2).

At any rate, Plaintiffs' request under 28 U.S.C. § 1927 falls short on the merits. That provision allows a court to "require[]" "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. But "[t]he power to assess costs on the attorney involved 'is a power which the courts should exercise *only* in instances of serious and studied disregard for the orderly process of justice.'" *United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992). And under that provision, "attorney behavior must be *at least* 'reckless.'" *Id.* at 1217. "'[R]ecklessness' is a high threshold." *Id.*at 1219. It "in general requires deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." *Id.*at 1220. And "[w]here courts have employed section 1927, the attorney's behavior has been repeated or singularly egregious"—involving missed deadlines, the "persistent prosecution of a meritless claim," or "repeated[]" actions "which required the

defendant to expend unnecessary time and money, even though he had no intention of pursuing litigation." *Id.* (cleaned up) (collecting cases).

Plaintiffs argue that Movants' "dilatory tactics" have "unreasonably and vexatiously delay[ed] the proceedings." ECF No. 68 at 6. But "dilatory" is not the same as "reckless." *See Wallace*, 964 F.2d at 1220. Plaintiffs also argue that "Defendants were aware of the jurisdictional issue from the advent of the case, yet waited nearly two years to raise the issue, during which time Plaintiffs proceeded in good faith with discovery, depositions, and case development." ECF No. 68 at 5. But even if that were true, that describes neither "repeated" nor "singularly egregious" misconduct. *Wallace*, 964 F.2d at 1220. Movants did not miss any deadlines, because "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." *Shinseki*, 562 U.S. at 434. Nor, obviously, did they file a "meritless" motion. *Wallace*, 964 F.2d at 1220. And so Movants have not exhibited "serious and studied disregard for the orderly process of justice." *Wallace*, 964 F.2d at 1220.

* * *

For all the above reasons, it is hereby **ORDERED** that Defendant DP Capital LLC, WCP Fund I LLC, and WCP 4910 Georgia Ave NW LLC's Motion for Summary Judgment, or in the Alternative, to Dismiss, ECF No. 66, is **GRANTED**, to the extent that it seeks to dismiss WCP Fund I LLC. It is further **ORDERED** that WCP Fund I LLC is **DISMISSED** as a Defendant. It is further **ORDERED** that, in light of Movants' assertion in their reply that "WCP 4910 is owned by WCP and, as such, suffers the same jurisdictional issue as WCP," ECF No. 69 at 8, Plaintiffs shall show cause in writing by October 13, 2026, why WCP 4910 Georgia Ave LLC should not also be dismissed for the same reason.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 11, 2026