UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KIM GEORGIA AVE, LLC et. al.,** *Plaintiffs*, | ) | |
| v. | ) | Civil Action No. 1:23-cv-01101 |
| **DP CAPITAL LLC, et. al.** *Defendants.* | ) | |

**PLAINTIFFS' RESPONSE TO THE COURT'S SEPTEMBER 11, 2026 ORDER TO SHOW CAUSE AS TO WCP 4910 GEORGIA AVE NW LLC**

Plaintiffs Dr. Eung Kwon Kim and Kim Georgia Ave, LLC respond to the Court's Memorandum Order of September 11, 2026 (ECF No. 87) directing Plaintiffs to show cause why WCP 4910 Georgia Ave NW LLC ("WCP 4910") should not be dismissed for the same reason as WCP Fund I LLC ("Fund I").

## INTRODUCTION

Plaintiffs recognize that if WCP 4910's members are as Movants describe, the Court's reasoning as to Fund I would apply equally. Plaintiffs do not ask the Court to revisit that reasoning. They ask only that the Court not dismiss WCP 4910 on this record. The sole basis for treating WCP 4910 as non-diverse is one sentence in Movants' reply brief, and no sworn statement addresses WCP 4910's membership on any date.

## BACKGROUND

Movants' motion rested on two declarations. Each concerns Fund I alone. The Araujo declaration states that SF NU, LLC has been a member of "WCP," defined as WCP Fund I LLC, from at least April 19, 2023 through the present. ECF No. 66-1 ¶¶ 3-4. The Shrensky declaration states that the Shrensky Trust is a member of SF NU, LLC and that Mr. Shrensky is a Maryland citizen. ECF No. 66-2 ¶¶ 2-5. Neither mentions WCP 4910.

The membership of WCP 4910 first appears in Movants' reply, which states in a single sentence that "WCP 4910 is owned by WCP and, as such, suffers the same jurisdictional issue as WCP." ECF No. 69 at 8. The reply cites no declaration, record document, or discovery response for that statement. The Court relied on it in issuing this order. ECF No. 87 at 5.

The Amended Complaint alleges that the sole member of WCP 4910 is Victoria Junkins, a Virginia resident. ECF No. 36 ¶ 5. In discovery, Plaintiffs sought the identity of the members of WCP 4910 but no response was produced on the objection that such a requested intruded on the privacy of its members and would subject them to harassment and solicitation. *See* WCP 4910's Responses to Plaintiff's Interrogatories, No. 11 at 7, attached as Exhibit A. Plaintiffs recognize the Court found the parallel allegation as to Fund I to be only one branch of a larger membership tree. ECF No. 87 at 3. Plaintiffs do not contend that the pleading alone resolves the question. Their point is that the evidence needed to resolve it is not in the record and has been purposefully withheld by WCP 4910.

## ARGUMENT

### I. THE RECORD CONTAINS NO EVIDENCE OF WCP 4910'S MEMBERSHIP

On a motion under Rule 12(b)(1), the Court may consider the complaint supplemented by undisputed facts in the record, or by undisputed facts plus the Court's resolution of disputed facts. *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992). Statements in a brief are neither. The declarations Movants filed speak only to Fund I. The only statement about WCP 4910's ownership is unsworn and appears for the first time in a reply, where Plaintiffs had no opportunity to respond and based on information that the Plaintiffs sough in discovery but was withheld by WCP 4910.

## II. CITIZENSHIP IS MEASURED AS OF FILING AND MUST BE TRACED THROUGH EVERY LAYER

Diversity is measured by the facts at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). For an LLC, the citizenship of every member must be traced through each layer of ownership. ECF No. 87 at 2 (citing *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016), and *Jakks Pacific, Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017)).

The declarations as to Fund I cover April 19, 2023 through the present, which spans both the original Complaint (April 20, 2023) and the Amended Complaint (September 15, 2023). Nothing comparable exists for WCP 4910. By Movants' own account, WCP 4910 was formed on June 23, 2022. ECF No. 69 at 8. The record does not say who its members were on the dates that matter, whether they have changed, or who stands behind any member entity. Nor has WCP 4910 provided that information in discovery.

## III. THE MISSING FACTS ARE IN MOVANTS' EXCLUSIVE CONTROL, SO A SWORN SHOWING OR NARROW DISCOVERY IS THE APPROPRIATE COURSE

Information about WCP 4910's members is held by WCP 4910 and its affiliates, which are Movants. Movants have already offered declarations for Fund I, so a comparable declaration for WCP 4910 would impose little burden. This Court has resolved uncertainty about LLC membership by requiring an affidavit of facts sufficient to establish citizenship. *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 129-30 (D.D.C. 2018).

If the Court prefers discovery, it is available to establish facts bearing on jurisdiction. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). In the personal jurisdiction context, the D.C. Circuit requires only a good-faith belief that discovery will show jurisdiction, and it rejects requests built on speculation. *Williams v. Romarm, SA*, 756 F.3d 777, 786 (D.C. Cir. 2014); *FC Investment Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008). The

request here is not speculative. It targets a fact Movants have themselves placed at issue, and the pleaded allegation in ECF No. 36 ¶ 5 gives Plaintiffs a good-faith basis to seek it.

Based on the foregoing, Plaintiffs respectfully request that the Court:

1. Decline to dismiss WCP 4910 at this time;
2. Order Movants, within fourteen days, to file a declaration from a person with personal knowledge identifying at least one Maryland member of WCP 4910, as of April 20, 2023, and stating the basis for that knowledge;
3. Permit Plaintiffs fourteen days after that filing to respond;
4. In the alternative, permit jurisdictional discovery limited to WCP 4910's membership for a period of 45 days, with a further response from Plaintiffs to follow; and
5. If the Court ultimately concludes that WCP 4910 is non-diverse, order that its dismissal under Rule 21 is without prejudice as Plaintiffs do not contend that WCP 4910 is indispensable under Rule 19(b).

Dated:October 13, 2026

Respectfully submitted,

DR. EUNG KWON KIM

KIM GEORGIA AVE, LLC.,

By Counsel

By: _*/s/ J. Chapman Petersen*___________

J. Chapman Petersen, Esq., Bar ID# 0448740
CHAP PETERSEN & ASSOCIATES, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
(571) 459-2512 – Telephone
(571) 459-2307 – Facsimile
jcp@petersenfirm.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Tuesday, October 13, 2026, a copy of the foregoing was served via ECF on all counsel of record.

_____*/s/ J. Chapman Petersen*______
J. Chapman Petersen

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. EUNG KWON KIM, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:23-cv-1101-TJK |
| | ) | |
| v. | ) | |
| | ) | |
| DP CAPITAL LLC, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**INTERROGATORY ANSWERS OF WCP 4910 GEORGIA AVE NW, LLC**

Comes now WCP 4910 Georgia Ave NW, LLC ("WCP4910"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 33(b), and answers—and objects—to the interrogatories (the "Interrogatories," and each an "Interrogatory") propounded by Dr. Eung Wong Kim ("Dr. Kim") and Kim Georgia Ave, LLC ("KGAL") (collectively, the "Plaintiffs," and each a "Plaintiff") herein as follows:

Interrogatory 1. Identify the name, address, telephone number, and email of all persons answering these Interrogatories.

Answer: These Interrogatories are being executed by Daniel Huertas.

Interrogatory 2. Identify all individuals who have knowledge of any fact or circumstance relating to the allegations asserted in Plaintiffs' Complaint, describing the subject matter and substance of their knowledge.

Answer: WCP4910 incorporates, by reference, the disclosures it made pursuant to Federal Rule of Civil Procedure 26(a) in this case, as well as the response to Interrogatory 4, *infra*. WCP4910 is not aware of any other persons who have personal knowledge of the facts or circumstances of this case. To the extent this Interrogatory seeks information

concerning what attorneys have knowledge of the facts of this case, as garnered from their discussions with clients, WCP4910 objects to the same as being violative of the attorney/client privilege and, depending on the circumstances, potentially violative of the attorney work product doctrine.

Interrogatory 3. Identify all persons you expect to call as expert witnesses at deposition, hearing, or trial, including their name, address, occupation, area of expertise, the subject matter of testimony, opinions held, and the basis for such opinions.

Answer: WCP4910 does not presently intend to call an expert witness in this case but reserves its right to do and to make a designation in temporal accord with the scheduling order entered in this matter.

Interrogatory 4. Identify all witnesses you may call at trial, including their name, address, relationship to you, and the basis of their knowledge of the facts underlying this matter.

Answer: WCP4910 reasonably believes it might call any of the following witnesses at trial:

a. Daniel Huertas ("Mr. Huertas"), who may be contacted in the care of undersigned counsel. Mr. Huertas is the principal of WCP, is generally familiar with the WCP Parties' interactions with Charles Paret ("Mr. Paret"), is familiar with the allegations of Mr. Paret concerning a common law partnership, is familiar with the loans underlying the foreclosure that is referenced in the plaintiffs' amended complaint (the "Complaint"), and is familiar with the operations of each of the WCP Parties.

b. Jared Fausnaught ("Mr. Fausnaught"), who may be contacted in the care of undersigned counsel. Mr. Fausnaught is the vice president of sales for DP Capital LLC and interacted with Mr. Paret concerning the loans at issue in this litigation.

c. One or more corporate designees of each of the WCP Parties, including records custodians, who may be contacted in the care of undersigned counsel. Such persons are familiar with the operations of the WCP Parties including, without limitation, the loans made by WCP and DPCL to Mr. Paret, the foreclosure referenced in the Complaint, and the development of the property located at 4910 Georgia Avenue, NW, Washington, DC.

d. Mr. Paret, who may be contacted in the care of his bankruptcy counsel, Jeffrey Martin, Esq., at The Martin Law Group PC, 8065 Leesburg Pike, Suite 750, Vienna, Virginia 22182, whose phone number is (703) 223-1822, and whose e-mail address is jeff@martinlawgroupva.com. Mr. Paret is presumptively familiar with (i) the representations he did, or did not, make to the plaintiffs herein; (ii) his belief that there existed some variety of a partnership between himself and Mr. Huertas; (iii) the disposition of monies collected from the plaintiffs; and (iv) the veracity of the various allegations, involving his own actions and conduct, in the Complaint.

e. Eung Kwon Kim ("Mr. Kim"), who may be contacted in the care of his counsel herein. Mr. Kim is presumptively familiar with the allegations set forth in the Complaint.

f. Wendell Webster ("Mr. Webster"), who may be contacted in the care of his counsel, Justin Fasano, at McNamee Hosea, 6404 Ivy Lane, Suite 820, Greenbelt, Maryland 20770, and whose phone number is (301) 441-2420. Mr. Webster is Mr. Paret's bankruptcy trustee and is presumptively familiar with his investigation into the affairs of Mr. Paret, including various confidence schemes allegedly perpetrated by Mr. Paret, as well as allegations concerning the existence, *vel non*, of a partnership between Mr. Paret and Mr. Huertas.

g. The corporate designee of Kim Georgia Ave, LLC ("KGAL"), who may be contacted in the care of KGAL's counsel herein. The corporate designee is presumptively familiar with the allegations set forth in the Complaint.

h. The corporate designee of Coloma River Holdings LLC ("CRHL"). It is believed CRHL is controlled by Mr. Paret and, as such, may be contacted in the care of Mr. Paret's counsel. It is believed the knowledge of CRHL is coterminous with that of Mr. Paret.

i. The corporate designee of District Title ("District Title"), who may be contacted in the care of District Title's counsel herein. The WCP Parties believe District Title to be generally knowledgeable about those facets of this case relating to District Title.

Interrogatory 5. Identify all individuals who participated in or had knowledge of the negotiation, drafting, or execution of agreements involving the sale or financing of the Property, including the Sales Agreement with Plaintiffs.

Objection: WCP4910 objects to this Interrogatory to the extent it seeks information concerning which attorney(s), representing the interests of WCP4910, participated in the drafting of loan documents. Such information is not only covered by the attorney/client privilege but, too, of no relevance to the case at bar. To the extent this Interrogatory seeks such information, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. WCP4910 further objects to this Interrogatory to the extent it seeks information concerning any sale or financing efforts occurring after the foreclosure of the at-issue property, insofar as such is similarly too proximately remote from the allegations of the Plaintiffs herein as to be relevant to the instant case.

Answer: Subject to, and notwithstanding, the foregoing objection, WCP4910 has no knowledge of the alleged sale of part of the property, to the Plaintiffs, except as has been

alleged in this case by the Plaintiffs. WCP4910 did not know the Plaintiffs existed—much less that they had supposedly purchased an interest in the property—prior to this case being filed. WCP4910 similarly had no knowledge of the existence of the alleged sales agreement with the Plaintiffs prior to this case being filed. WCP4910was, however, aware of the loans made to 4910 Georgia Ave Holdings LLC ("4910 GAHL"), by WCP Fund I LLC ("WCP"). The loan documents were prepared on the standard forms utilized by WCP as part of its ordinary lending activities. DP Capital LLC ("DPCL"), which does business as Washington Capital Partners, helped to facilitate the loan to 4910 GAHL by WCP. Mr. Paret and Mel Negussie executed the loan documents for 4910 GAHL.

Interrogatory 6. Describe in detail the role of WCP 4910 Georgia Ave NW LLC in the financing, development, sale, or foreclosure of the Property, including involvement in the foreclosure process in April 2022.

Objection: WCP4910 objects to this Interrogatory to the extent it seeks information concerning any sale or financing efforts occurring after the foreclosure of the at-issue property, insofar as such is similarly too proximately remote from the allegations of the Plaintiffs herein as to be relevant to the instant case.

Answer: Subject to, and notwithstanding, the foregoing objection, WCP4910 had no role in the financing, development, sale or foreclosure of the property.

Interrogatory 7. Identify all documents, communications, and records in your possession concerning the sale, financing, or foreclosure of the Property, including communications with District Title Corporation and Charles Paret.

Objection: WCP4910 objects to this Interrogatory to the extent it seeks information concerning any sale or financing efforts occurring after the foreclosure of the at-issue

property, insofar as such is similarly too proximately remote from the allegations of the Plaintiffs herein as to be relevant to the instant case.

Answer: Subject to, and notwithstanding, the foregoing objection, WCP4910 has no such records.

Interrogatory 8. Explain the nature and terms of any partnership, joint venture, or agreement between WCP 4910 Georgia Ave NW LLC and any other entities regarding the Property, including profit-sharing agreements or joint development plans.

Answer: None.

Interrogatory 9. Identify and describe all payments received by WCP 4910 Georgia Ave NW LLC from the sale of the three condominium units to Plaintiffs, including the date, amount, method of payment, and the allocation of those funds.

Answer: WCP4910 is not aware of having received any monies, at any time, from either or both of the Plaintiffs herein. WCP4910is aware of the allegations made in this case, and is equally appreciative of the fungible nature of money, but at no point in time did WCP4910knowingly receive or accept any monies it knew to emanate from either or both of the Plaintiffs.

Interrogatory 10. Identify and describe all financial transactions between WCP 4910 Georgia Ave NW LLC and Charles Paret, including loans, distributions, or payments.

Answer: None.

Interrogatory 11. Identify all individuals or entities holding an ownership interest in WCP 4910 Georgia Ave NW LLC from January I, 2020, to the present.

Objection: WCP4910 objects to this Interrogatory on the basis that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, seeks information

that is proprietary in nature, and is posed for solely vexatious and harassing purposes. The membership of WCP4910 is a closely held secret and revelation of such would subject such members to unwarranted harassment and solicitation. Member of WCP4910 are investors, entitled to reasonable confidence in the form of their identities and the nature of their respective investments. Seeking such information is no different than asking a publicly traded entity to identify each individual stockholder, together with prior stockholders from a date certain; such an inquiry is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 12. Describe all communications between WCP 4910 Georgia Ave NW LLC and District Title Corporation regarding the escrow and disbursement of Plaintiffs' funds, including any authorizations by Charles Paret.

Answer: None.

Interrogatory 13. Identify the individual(s) who authorized the release of Plaintiffs' funds from escrow and describe the basis for such authorization.

Answer: WCP4910 has no knowledge of who, if anyone, authorized the release of any monies belonging to the Plaintiffs, from escrow. As noted *passim*, WCP4910 did not know the Plaintiffs existed until this lawsuit was filed.

Interrogatory 14. Identify all other purchasers of condominium units at the Property and describe any issues with their transactions, including failures to record deeds or foreclosures.

Answer: There are no condominium units at the subject property and WCP4910 is not aware, beyond the contours of the allegations made by the Plaintiffs in this case, as well as those made by plaintiffs in a related case, of any persons ever allegedly purchasing any condominium units at the property.

Interrogatory 15. Explain the basis for WCP 4910 Georgia Ave NW LLC's claim that Plaintiffs' interest in the condominium units was extinguished by the foreclosure sale conducted in April 2022.

Objection: WCP4910 objects to this Interrogatory to the extent the same calls for legal analysis. While represented by counsel herein, WCP4910 is not a law firm; asking WCP4910 to furnish a legal explanation, as to how the foreclosure process serves to titularly foreclose the property interests of certain parties, is beyond the permissible scope of discovery and improper.

Answer: Subject to, and without waiving, the foregoing objection, WCP4910 notes that (i) the Plaintiffs do not appear to have ever had any actual interest in condominium units; (ii) there were never any condominium units in which the Plaintiffs could have held an interest; (iii) there does not appear to be any deed ever executed, conveying any interest in the property or any portion thereof, to the Plaintiffs; (iv) the land records of the District of Columbia, together with the tax records of the District of Columbia, have never reflected the Plaintiffs holding any interest in the property (saving and excepting for a lis pendens filed—and subsequently released—in connection with this case); and (v) the foreclosure was carried out in conformity with governing law, including the giving of public notice in both the land records and in a newspaper of general circulation.

Interrogatory 16. Identify and describe any insurance policies held by WCP 4910 Georgia Ave NW LLC that provided coverage for losses or liabilities associated with the sale or foreclosure of the Property.

Answer: None.

Interrogatory 17. Describe all efforts made by WCP 4910 Georgia Ave NW LLC to notify Plaintiffs of the foreclosure proceedings and explain why Plaintiffs were not informed prior to the foreclosure sale.

Answer: WCP4910 did not exist at the time of the foreclosure.

Interrogatory 18. Identify all legal counsel or law firms that provided legal advice to WCP 4910 Georgia Ave NW LLC regarding the foreclosure of the Property and the disbursement of Plaintiffs' escrowed funds.

Objection: WCP4910 objects to this Interrogatory on the basis that it seeks information protected by the attorney/client privilege. WCP4910 further objects on the basis that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, even if, *arguendo*, the mere identity of counsel were not privileged, the provision of such information would not advance any legitimate, discovery interest in this case.

Answer: Subject to, and without waiving, the foregoing objection, WCP4910 notes that it has no knowledge of any attorneys or law firms offering counsel concerning the disbursement of monies allegedly belonging to the Plaintiffs, insofar as WCP4910 did not know the Plaintiffs existed—much less of the alleged disposition of any of their monies—prior to the filing of this case.

Interrogatory 19. Identify all appraisals, valuations, or assessments conducted on the Property from January 1, 2020, to the present, including the date, appraiser, and final valuation.

Objection: WCP4910 objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, WCP4910 is being sued herein solely for unjust enrichment, with the premise of the suit being that one or more third parties collected monies from the Plaintiffs and then used those monies to pay obligations to

WCP. The extent of any damages correlative to such a claim would be the monies allegedly tendered to the third party and allegedly then paid to WCP. The value of the at-issue property would not inform the computation of damages, nor would it be relevant to any other element of the Plaintiffs' claim for unjust enrichment.

Interrogatory 20. Describe any internal investigations, audits, or reviews conducted by WCP 4910 Georgia Ave NW LLC regarding the sale, financing, or foreclosure of the Property and the handling of Plaintiffs' funds.

Objection: To the extent this Interrogatory seeks information concerning any investigation of the facts underlying this case, by WCP4910's counsel, WCP4910 objects to such as being violative of the attorney/client privilege and the attorney work product doctrine.

Answer: Subject to, and without waiving, the foregoing objection, WCP4910 is not aware of any non-privileged topical investigations, audits or reviews.

Interrogatory 21. Identify all communications between WCP 4910 Georgia Ave NW LLC and any other defendant regarding Plaintiffs' purchase of the condominium units at the Property.

Answer: None.

Interrogatory 22. State whether WCP 4910 Georgia Ave NW LLC contends that Plaintiffs' funds were used for any purpose other than the intended purchase of the condominium units, and if so, describe that purpose.

Answer: WCP4910, very genuinely, has no knowledge—beyond what has been alleged in this case—of the Plaintiffs' existence, much less of the alleged disposition of their funds.

Interrogatory 23. Describe the relationship between WCP 4910 Georgia Ave NW LLC and DP Capital LLC, including shared ownership, management, financial transactions, or operational ties.

Objection: WCP4910 objects to this Interrogatory on the basis that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is proprietary in nature, and is posed for solely vexatious and harassing purposes. The membership of WCP 4910 and DPCL is a closely held secret and revelation of such would subject such members to unwarranted harassment and solicitation. Member of WCP4910 and DPCL are investors, entitled to reasonable confidence in the form of their identities and the nature of their respective investments. Seeking such information is no different than asking a publicly traded entity to identify each individual stockholder, together with prior stockholders from a date certain; such an inquiry is not reasonably calculated to lead to the discovery of admissible evidence.

*[Signature on Following Page]*

I declare under penalty of perjury that the foregoing is true and correct.

WCP 4910 GEORGIA AVE NW LLC

Dated: February 18, 2025

By: Signed by: Daniel Huertas
5DB7DC369DB344C...
Daniel Huertas

Respectfully submitted,

Dated: February 18, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for DP Capital LLC, WCP Fund I LLC, and WCP 4910 Georgia Ave NW LLC*

*Signed as to Objections Only*